UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANTHONY DENSON, JR.,

      Plaintiff,

v.                     Case No: 2:21-cv-497-JES-NPM

COUNTY OF COLLIER, KEVIN
RAMBOSK, MATTHEW KINNEY,
ALAN FLANAGAN, DAVID
MERCADO, JASON BOOTH, RYAN
TUTT, NATHAN KIRK, JOESPH
AMOROSI, and BARTOLOME
AMENGUAL,

      Defendants.

---

**OPINION AND ORDER**

    This case comes before the Court on defendants' Motions to Dismiss (Docs. ## 29, 30, 54), to which plaintiff filed Responses (Doc. ## 43, 44, 57). For the reasons set forth, the motions are **GRANTED**.

**I.**

    This is a civil rights action. Plaintiff's 58-page, 292-paragraph First Amended Complaint (FAC) brings 21 counts against defendants. (Doc. #5.) Defendants move to dismiss the FAC as a shotgun pleading. (Docs. ## 29, 30, 54.)[1]

---

    [1] The shotgun pleading arguments are presented in the individual defendants' (other than Nathan Kirk) motion to dismiss. (Doc. #29.) Collier County adopts those arguments. (Doc. #30, p. 13). Kirk was not served at the time the other individual

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  A shotgun pleading violates Rule 8 because it fails to give defendants adequate notice of the claims against them and the grounds upon which each claim rests.  Weiland v. Palm Beach Cty. Sheriff's Off., 792 F.3d 1313, 1321 (11th Cir. 2015) (identifying the "four rough types or categories of shotgun pleadings").  "Courts in the Eleventh Circuit have little tolerance for shotgun pleadings [because] [t]hey waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts."  Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1295 (11th Cir. 2018) (citations omitted).  In a case where a party files a shotgun pleading, a court "should strike the [pleading] and instruct counsel to replead the case—if counsel could in good faith make the representations required by Fed. R. Civ. P. 11(b)."  Jackson v. Bank of Am., N.A., 898 F.3d 1348, 1357-58 (11th Cir. 2018) (quotation omitted).

## II.

The FAC is a shotgun pleading.  The FAC impermissibly asserts multiple claims against multiple defendants.  Such collective

---

defendants filed their collective motion to dismiss, but he adopts the individual defendants' motion as his own.  (Doc. #54.)

pleading may be permissible when "[t]he complaint can be fairly read to aver that all defendants are responsible for the alleged conduct." Kyle K. v. Chapman, 208 F.3d 940, 944 (11th Cir. 2000). However, in this case, plaintiff's shotgun pleading is particularly problematic because defendants are left guessing each defendants' alleged misconduct.

For an example, Count IV asserts a state law, false imprisonment claim "against all defendants." (Doc. #5, ¶¶ 123-133.) However, the specific allegations under this Count only discuss the alleged actions of "defendants Kinney and Campolo,"[2] not all individual defendants. (Id. ¶ 125.) The count is confusing and unclear.

In another example, Count II alleges that "Defendants subjected Plaintiff and his property to unreasonable searches and seizures." (Id. ¶ 106.) Count II is asserted "against all individual defendants," which would include Sheriff Rambosk, against whom plaintiff is bringing both official and individual capacity claims. (Doc. #5, ¶ 13.) Count II is unclear whether the claim is being brought in Sheriff Rambosk's official or

---

[2] There is no "Campolo" defendant in this action. Campolo was a defendant in another case litigated by plaintiff's counsel in the Middle District. The complaint and amended complaint in that case were similar to the FAC. That case has its own shotgun pleading problems. See Pinto v. Collier County, No. 219CV551FTM60MRM, 2019 WL 5722172 (M.D. Fla. Nov. 5, 2019); 2020 WL 2219185 (M.D. Fla. May 7, 2020) (Barber, J.).

individual capacity.[3]  "*This distinction is important in § 1983 cases since official capacity claims are substantively different than individual capacity claims.*"  <u>Pinto</u>, 2019 WL 5722172, at *2 (emphasis in original) (discussing same issues).  <u>See also</u> <u>Milfort v. Rambosk</u>, No. 2:21-CV-366-SPC-MRM, 2022 WL 138097, at *2 (M.D. Fla. Jan. 14, 2022) (discussing similar issues when describing defendants).[4]

The FAC also incorporates the first 96 paragraphs into each count of the complaint, which include plaintiff's (often repetitive) factual allegations.  By reincorporating all 96 paragraphs into each count, the FAC "is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action."  <u>Weiland</u>, 792 F.3d at 1321.

"Brevity is the soul of wit."  <u>Yeyille v. Miami Dade Cnty. Pub. Schs.</u>, 643 F. App'x 882, 884 (11th Cir. 2016).  "In pleading, as in many aspects of life, quality matters more than quantity."

---

[3] Count II is also problematic because, as alleged, Sheriff Rambosk was not actually present during plaintiff's arrest.

[4] This was another case litigated by plaintiff's counsel in the Middle District.  The complaint and amended complaints in that case were <u>strikingly</u> similar to the FAC.  That case also had its own shotgun problems.  <u>See</u> <u>Milfort v. Rambosk</u>, No. 2:21-CV-366-SPC-MRM, 2022 WL 138097 (M.D. Fla. Jan. 14, 2022); 2021 WL 5114487 (M.D. Fla. Nov. 3, 2021); 2021 WL 2401848 (M.D. Fla. June 10, 2021) (Chappell, J.).

<u>Lawrie v. Ginn Dev. Co., LLC</u>, 656 F. App'x 464, 465 (11th Cir. 2016).  Bearing these maxims in mind, the Court now provides the following instructions to plaintiff and his counsel to cure his shotgun pleading.  First, plaintiff's next complaint should provide a <u>concise</u> statement of factual allegations, limited to only those allegations necessary under Rule 8, and eliminate all immaterial, irrelevant, or repetitive allegations.  Second, when asserting a count, plaintiff should allege: (1) against which defendant(s) the count is alleged; (2) whether the count is alleged in the defendant(s)' individual <u>or</u> official capacity; and (3) the specific factual bases that support that count against the defendant(s).  Plaintiff should not reincorporate prior factual allegations into a count that are irrelevant to the count.[5]

Accordingly, it is now

**ORDERED:**

1.  Defendants' motions to dismiss (Doc. ## 29, 30, 54) are **granted**.  The First Amended Complaint (Doc. #5) is **dismissed without prejudice**.

---

[5] Defendants raise other arguments as to why the FAC fails to state a claim. (Docs. ## 29, 30, 54.)  Plaintiff responds to some of these arguments, but in the alternative, requests leave to replead if necessary. (Doc. #43, pp. 18-19; Doc. #44, p.9; Doc. #57, p. 2.)  Because plaintiff is granted leave to amend, any concerns about the sufficiency of plaintiff's counts should also be addressed in connection with the Second Amended Complaint.

2.   Plaintiff may file a Second Amended Complaint **within**

**FOURTEEN (14) DAYS** of this Opinion and Order.

**DONE and ORDERED** at Fort Myers, Florida, this ___1st___ day

of February, 2022.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE


Copies:
Counsel of Record