UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANTHONY DENSON, JR.,

    Plaintiff,

v.                                Case No: 2:21-cv-497-JES-NPM

COUNTY OF COLLIER, KEVIN
RAMBOSK, MATTHEW KINNEY,
ALAN FLANAGAN, DAVID
MERCADO, JASON BOOTH, RYAN
TUTT, NATHAN KIRK, JOESPH
AMOROSI, and BARTOLOME
AMENGUAL,

    Defendants.

_____

**<u>OPINION AND ORDER</u>**

This case comes before the Court on review of defendants Collier County's Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. #62), and Sheriff Rambosk, Kinney, Flanagan, Mercado, Booth, Tutt, Kirk, Amorosi, and Amengual's Motion to Dismiss Plaintiff's Second Amended Complaint and Supporting Memorandum of Law (Doc. #63), both of which were filed on March 18, 2022. Plaintiff filed a Response in Opposition (Doc. #70) on May 25, 2022. For the reasons set forth, the motions are granted.

**I.**

**A. Factual Background**

This case involves a civil rights action initiated by plaintiff Anthony Denson, Jr. (Plaintiff or Denson) against ten

defendants – Collier County (a subdivision of Florida), Kevin Rambosk in his individual capacity and official capacity as the Sheriff of Collier County (Sheriff Rambosk), and Collier County Sheriff Office (CCSO) deputies Matthew Kinney (Deputy Kinney), Alan Flanagan (Deputy Flanagan), David Mercado (Deputy Mercado), Jason Booth (Deputy Booth), Ryan Tutt (Deputy Tutt), Nathan Kirk (Deputy Kirk), Joesph Amorosi (Deputy Amorosi), and Bartolome Amengual (Deputy Amengual) in their individual capacities (collectively Defendants).  (Doc. #59, ¶¶ 10-15.)

Plaintiff's Second Amended Complaint contains the following allegations: On July 5, 2017, Plaintiff, an African American male, was lawfully operating a motor vehicle in Naples, Florida, when he was stopped by Deputy Kinney. (Id., ¶¶ 16-18.) Deputy Kinney stopped Plaintiff under the false pretense that he was not wearing a seat belt. (Id., ¶ 19.) Plaintiff complied with Deputy Kinney's commands by providing identification, vehicle registration, insurance documentation, and a driver license reinstatement letter in lieu of a driver's license. (Id., ¶¶ 21-23.) Deputy Kinney requested, however, that Plaintiff provide a driver's license and his middle name. (Id., ¶¶ 24.) Plaintiff explained that he did not have a middle name and why he could not provide a physical license. (Id., ¶¶ 25, 28.)  Deputy Kinney became irate and physically grabbed Plaintiff in an attempt to pull him from the vehicle but could not do so as Plaintiff's seat belt was fastened. (Id., ¶¶

29-33.) Deputy Kinney removed Plaintiff's seat belt, violently prying Plaintiff from his vehicle by his neck and striking Plaintiff's body and face with closed fists while Plaintiff cried out for help. (Id., ¶¶ 34-36.) Deputy Kinney handcuffed Plaintiff, and when Plaintiff requested relief from the pain in his wrists and arms, Deputy Kinney applied more pressure to Plaintiff's wrists and instructed Plaintiff to "stop resisting." (Id., ¶¶ 37-39.)

Deputies Flanagan, Mercado, Booth, Tutt, Kirk, Amorosi, and Amengual arrived on the scene and immediately began punching and striking Plaintiff's body, and pressed Plaintiff's face and head into the "blazingly hot hood" of the vehicle despite Plaintiff being handcuffed. (Id., ¶¶ 41-43.) The CCSO deputies, including Kinney, conducted a search of Plaintiff's person as well as his vehicle. (Id., ¶ 46.) Plaintiff informed the CCSO deputies on numerous occasions that he was in immense pain due to the excessively tight handcuffs on his wrist, but each deputy ignored his complaints. (Id., ¶¶ 50-51.) As a result, Plaintiff sustained pain and injuries to his hands, wrists, shoulders, and arms.

Following the arrest, Deputies Mercado and Kirk transported Plaintiff to the Naples Jail Center where he was subjected to strip-searches and other invasive procedures. (Id., ¶ 49.) Plaintiff was unlawfully detained for twenty-one days in the Collier County jail and maliciously prosecuted by Sheriff Rambosk and each CCSO deputy who knowingly gave false statements or

testimony and engaged in the suppression of exculpatory evidence so that he would be prosecuted. (Id., 56-60, 70-78.) Plaintiff was charged with driving with a suspended or revoked license, battery on a law enforcement officer, resisting or obstructing an officer without violence, and threatening a law enforcement officer with death or serious bodily harm, all of which were terminated in his favor. (Id., ¶¶ 73-76.)  Plaintiff alleges that the County, Sheriff Rambosk, and the CCSO deputies engaged in a pervasive policy, custom or pattern and practice of illegally stopping, searching, arresting, and criminally prosecuting African American males, and that Defendants' actions were done in retaliation against Plaintiff for his past negative comments about the CCSO and his affiliation with Black Lives Matter. (Id., ¶¶ 79-81, 84, 87, 90.)

### B. Procedural Background

On July 5, 2021, Plaintiff initiated this lawsuit against Defendants, asserting federal and state law claims that arose from his July 5, 2017 arrest and subsequent prosecution. (Doc. #1.) Plaintiff amended his Complaint on July 6, 2021, pursuant to Federal Rule of Civil Procedure 15(a)(2). (Doc. #5.) The Amended Complaint consisted of 58 pages, 292 numbered paragraphs, and 21 counts against Defendants. (Id.)

Defendants filed motions to dismiss Plaintiff's Amended Complaint as a shotgun pleading (Doc. #29, 30, 54), which the Court granted on February 1, 2022.  (Doc. #58.)  More specifically, the

Court found Plaintiff's Amended Complaint impermissibly asserted multiple claims against multiple defendants and committed the "venial sin" of incorporating the first 96 paragraphs into all 21 counts such that the Amended Complaint pled immaterial facts not obviously connected to any particular cause of action. (Id., pp. 2-4.)  In light of the foregoing, the Court dismissed Plaintiff's First Amended Complaint without prejudice and with leave to amend at Plaintiff's request. (Id., p. 5.)  The Court directed Plaintiff that his second amended complaint should

> provide a concise statement of factual allegations, limited to only those allegations necessary under Rule 8, and eliminate all immaterial, irrelevant, or repetitive allegations. Second, when asserting a count, plaintiff should allege: (1) against which defendant(s) the count is alleged; (2) whether the count is alleged in the defendant(s)' individual or official capacity; and (3) the specific factual bases that support that count against the defendant(s). Plaintiff should not reincorporate prior factual allegations into a count that are irrelevant to the count.

(Id.)

On February 15, 2022, Plaintiff filed a 63-page Second Amended Complaint and Demand For Jury Trial (SAC) that consists of 272 paragraphs and eighteen causes of action against Defendants. (Doc. #59.) The claims set forth in the SAC are as follows: (1) First Amendment retaliation under 42 U.S.C. § 1983 against the CCSO deputies; (2) illegal search and seizure under § 1983 against the CCSO deputies; (3) false arrest under Florida law against all Defendants; (4) false imprisonment under Florida law against all

5

Defendants; (5) false arrest under § 1983 against the CCSO deputies; (6) false imprisonment under § 1983 against the CCSO deputies; (7) assault under Florida law against all the Defendants; (8) battery under Florida law against all the Defendants; (9) excessive force under § 1983 against the CCSO deputies; (10) malicious prosecution under Florida law against all Defendants; (11) malicious prosecution under § 1983 against the CCSO deputies; (12) deprivation of rights and denial of equal protection under Florida law against all Defendants; (13) deprivation of rights and denial of equal protection under 42 U.S.C. §§ 1981, 1983 against all Defendants; (14) conspiracy to interfere with civil rights under 42 U.S.C. §§ 1983, 1985 against the CCSO deputies and Sheriff Rambosk; (15) failure to intervene under § 1983 against the CCSO deputies; (16) negligent hiring and retention under Florida law against the County and Sheriff Rambosk; (17) negligent training and supervision under Florida law against the County and Sheriff Rambosk; and (18) governmental "Monell" liability under § 1983 against the County and Sheriff Rambosk.

Defendants now move to dismiss the SAC as a shotgun pleading and for failure to state a claim upon which relief may be granted.[1]

---

[1] Sheriff Rambosk and the individual CCSO deputies have presented shotgun pleading arguments in their motion to dismiss (Doc. #63), which the County adopts in its motion. (Doc. #62, p. 14).

(Docs. ##62, 63.) Defendants assert that Plaintiff failed to heed the Court's instruction and continues to violate the rules and clearly applicable law. Defendants therefore conclude that Plaintiff should not be given a fourth bite at the apple. (Doc. #63, pp. 9, 23.)

## II.

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

### A. Shotgun Pleading

As the Court stated in its prior Opinion and Order:

A shotgun pleading violates Rule 8 because it fails to give defendants adequate notice of the claims against them and the grounds upon which each claim rests. Weiland v. Palm Beach Cty. Sheriff's Off., 792 F.3d 1313, 1321 (11th Cir. 2015) (identifying the "four rough types

7

> or categories of shotgun pleadings"). "Courts in the Eleventh Circuit have little tolerance for shotgun pleadings [because] [t]hey waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts." Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1295 (11th Cir. 2018) (citations omitted). In a case where a party files a shotgun pleading, a court "should strike the [pleading] and instruct counsel to replead the case—if counsel could in good faith make the representations required by Fed. R. Civ. P. 11(b)." Jackson v. Bank of Am., N.A., 898 F.3d 1348, 1357-58 (11th Cir. 2018) (quotation omitted).

(Doc. #58, p. 2.)

Defendants are correct that the SAC constitutes an impermissible shotgun pleading. Despite the Court's previous instructions to not reincorporate prior factual allegations into a count that are irrelevant to the count, the SAC does just that. It repeats the "venial sin" of including immaterial, irrelevant, or repetitive allegations by reincorporating the first 96 paragraphs into all eighteen counts. See (Doc. #59.) In doing so, the SAC alleges facts that are not properly directed at the Defendants subject to each count, nor are they necessarily pertinent to every claim.[2] See Barmapov v. Amuial, 986 F.3d 1321,

---

[2] In anticipation of Defendants shotgun pleading argument, Plaintiff asserts that he ensured that each cause of action also included corresponding allegations, so that even absent the incorporation of any prior part of the pleading, each cause of action would remain legally acceptable because of the allegations included therein. (Doc. #70, p. 13.) Plaintiff's assertion, however, underscores the Defendants' assertion that incorporation of all paragraphs number 1-96 into each cause of action creates a

1323 (11th Cir. 2021). For example, Plaintiff's second cause of action brings a Section 1983 claim for illegal search and seizure against only deputies Kinney, Flanagan, Mercado, Booth, Tutt, Kirk, Amorosi, and Amengual, but through incorporation of paragraphs 10, 13-15, 44-45, 47-48, 58-60, 62-66, 78-83, 86-92, not only has the SAC incorporated the County and Sherriff Rambosk into this count, the SAC pleads immaterial facts alleging excessive force, battery, assault, malicious prosecution, and discrimination. (Doc. #59, pp. 1-29, 32.) Defendants are left guessing which allegations are relevant to any of these claims to the exclusion of the others.

Through incorporation of the first 96 paragraphs, the SAC also makes it difficult to ascertain which defendant committed which alleged act. Specifically, Plaintiff incorporates every Defendant into each cause of action by way of Paragraphs 71, 79-80, 87-88, 92, 94, 96, despite many of the counts being alleged against only the CCSO deputies (Counts 1-2, 5-6, 9, 11, 15) or the County and Sheriff Rambosk (Counts 16-18). By lumping all the Defendants together in these claims, Plaintiff fails to provide notice to Defendants of the acts or omissions for which Plaintiff seeks to hold them liable. See Boardwalk Fresh Burgers & Fries,

---

shotgun pleading due to superfluous allegations that are unnecessary to state a legally plausible claim.

Inc. v. Min Wang, No. 8:19-cv-2527-VMC-CPT, 2021 U.S. Dist. LEXIS 20040, at *8 (M.D. Fla. Feb. 3, 2021) (Plaintiff "must treat each [defendant] as a separate and distinct legal entity and delineate the conduct at issue as to each [defendant].")

Further complicating matters, the Third, Fourth, Seventh, Eighth, Tenth, Twelfth, and Thirteenth causes of action commingle official capacity and individual capacity claims, which becomes more confusing as Paragraph 13 of the SAC states that Sheriff Rambosk is also being sued in his individual capacity.[3] "The main concern of a court in determining whether a plaintiff is suing defendants in their official or individual capacity is to ensure the defendants in question receive sufficient notice with respect to the capacity in which they are being sued." Young Apartments, Inc. v. Town of Jupiter, 529 F.3d 1027, 1047 (11th Cir. 2008). Plaintiff's SAC fails to satisfy this minimum standard and places an unfair burden on Defendants. Byrne v. Nezhat, 261 F. 3d 1075, 1129-30 (11th Cir. 2001) (The "failure to identify claims with

---

[3] In the Ninth cause of action, Plaintiff brings an excessive force claim against the CCSO deputies. (Doc. #59, p. 42.) However, through incorporation of Paragraphs 13 and 78, Sheriff Rambosk is being sued in his official and individual capacities for excessive force. This is problematic as the SAC contains no allegations that Sheriff Rambosk physically touched Plaintiff or was present during his arrest. Plaintiff responds that the Court may still find Sheriff Rambosk directly participated in the CCSO deputies' actions if he ordered them to do unlawful acts. The SAC nevertheless does not allege that Sheriff Rambosk ordered the deputies to apply excessive force upon Plaintiff.

10

sufficient clarity to enable the defendant to frame a responsive pleading" is a "shotgun pleading" which places an unfair burden on defendants.) Accordingly, the Court dismisses the SAC as a shotgun pleading and Defendants' Motions to Dismiss are granted.[4]

The Court will grant Plaintiff leave to file a third amended complaint in compliance with the Federal Rules of Civil Procedure. See Barmapov, 986 F.3d at 1326 (quoting Vibe Micro, 878 F.3d at 1296) (Our precedent is clear: "When a litigant files a shotgun pleading, is represented by counsel, and fails to request leave to amend, a district court must sua sponte give him one chance to replead before dismissing his case with prejudice on non-merits shotgun pleading grounds."). If the complaint remains a shotgun pleading after amendment, the Court will dismiss it on this basis alone. See Jackson v. Bank of Am., 898 F.3d 1348, 1357 (11th Cir. 2018) (stating that district courts retain the authority to dismiss a shotgun pleading on that basis alone); Weiland, 792 F.3d at 1320 (explaining that the district court retains "inherent authority to control its docket and ensure the prompt resolution of lawsuits,"

---

[4] Defendants' motions set forth other arguments as to why the SAC fails to state a claim upon which relief may be granted, and Plaintiff has responded to such arguments. (Docs. #62, 63.) Because the Court finds the dismissal of the SAC is appropriate as a shotgun pleading, the Court does not reach the merits of the parties' alternative arguments.

including, under proper circumstances, "the power to dismiss a complaint for failure to comply with Rule 8(a)(2)").

Accordingly, it is now

**ORDERED:**

1. Defendants' Motions to Dismiss (Doc. ## 62, 63) are **GRANTED**.
2. The Second Amended Complaint (Doc. #59) is **DISMISSED without prejudice.**
3. Plaintiff may file a Third Amended Complaint **within FOURTEEN (14) DAYS** of this Opinion and Order, if he chooses to do so.

**DONE and ORDERED** at Fort Myers, Florida, this __14th__ day of June, 2022.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record