UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANTHONY DENSON, JR.,

       Plaintiff,

v.                            Case No:  2:21-cv-497-JES-NPM

KEVIN RAMBOSK, MATTHEW
KINNEY, ALAN FLANAGAN,
DAVID MERCADO, JASON BOOTH,
RYAN TUTT, NATHAN KIRK,
JOESPH AMOROSI, and
BARTOLOME AMENGUAL,

       Defendants.

_____

## OPINION AND ORDER

This case comes before the Court on review of defendants Sheriff Rambosk, Kinney, Flanagan, Mercado, Booth, Tutt, Kirk, Amorosi, and Amengual's Motion to Dismiss Plaintiff's Third Amended Complaint and Supporting Memorandum of Law (Doc. #74), which was filed on July 8, 2022.[1]  Plaintiff filed a Response in Opposition (Doc. #76) on July 22, 2022. For the reasons set forth, the motion is granted in part and denied in part.

---

[1] On July 8, 2022, defendant Collier County filed an Unopposed Motion to Dismiss Plaintiff's Third Amended Complaint With Prejudice, Each Party To Bear Their Own Costs and Fees (Doc. #73.) Based upon Collier County's certification that pursuant to Local Rule 3.01(g) the motion was unopposed, the Court granted its motion and the claims against Collier County were dismissed with prejudice on July 13, 2022. (Doc. #75.) On the same day, Collier County was terminated as a named defendant in this case.

**I.**

## A. Brief Overview

This case involves a civil rights action initiated by plaintiff Anthony Denson, Jr. (Plaintiff or Denson) against nine defendants – Kevin Rambosk in his individual and official capacities as the Sheriff of Collier County (Sheriff Rambosk), and Collier County Sheriff Office (CCSO) deputies Matthew Kinney (Deputy Kinney), Alan Flanagan (Deputy Flanagan), David Mercado (Deputy Mercado), Jason Booth (Deputy Booth), Ryan Tutt (Deputy Tutt), Nathan Kirk (Deputy Kirk), Joseph Amorosi (Deputy Amorosi), and Bartolome Amengual (Deputy Amengual) in their individual capacities (collectively Defendants). (Doc. #72, ¶¶ 1, 14-15.) According to the Third Amended Complaint (TAC), the origin of this case began with a traffic stop on July 5, 2017, when Plaintiff, who was lawfully operating a motor vehicle in Naples, Florida, was unlawfully seized, searched, assaulted, battered, arrested, imprisoned, and maliciously prosecuted by the CCSO deputies and Sheriff Rambosk. (Doc. #72.)

## B. Procedural Background

On July 5, 2021, Plaintiff filed this lawsuit against Defendants asserting federal and state law claims that arose from his July 5, 2017 arrest and subsequent state court prosecution. (Doc. #1.) On July 6, 2021, Plaintiff filed an Amended Complaint, which the Court dismissed as a shotgun pleading with leave to

amend. (Doc. #58.) In its Order, the Court explained that the Amended Complaint was a shotgun pleading in three respects: (1) it impermissibly asserted multiple claims against multiple defendants; (2) it did not distinguish between claims against Sheriff Rambosk in his official and individual capacities; and (3) it incorporated the first 96 paragraphs in each count, thereby including conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. (Id., pp. 2-4.) The Court provided further instruction to Plaintiff and his counsel on how to cure the shotgun pleading.  (Id., p. 5.)

On February 15, 2022, Plaintiff filed a Second Amended Complaint (SAC), which Defendants sought to dismiss, in part, because it continued to be a shotgun pleading. (Docs. ##59, 62, 63.)  The Court agreed with Defendants that the SAC was another shotgun pleading because it (1) repeated the "venial sin" of including immaterial, irrelevant, or repetitive allegations by reincorporating the first 96 paragraphs into all eighteen counts, (2) it continued to lump all the defendants together into certain counts despite those counts being brought against only the CCSO deputies or Sheriff Rambosk, and (3) it continued to commingle official and individual claims against Sherriff Rambosk.  (Doc. #71, pp. 7-11.) The Court granted Plaintiff leave to file a third amended complaint in compliance with the Federal Rules of Civil Procedure, but warned Plaintiff and his counsel that if the

pleading remained a shotgun pleading after amendment, the Court would dismiss his case with prejudice on this basis alone. (Id., p. 11.)

Plaintiff filed an eighteen-count Third Amended Complaint (TAC) on June 28, 2022. (Doc. #72.) The claims set forth in the TAC are as follows: (1) First Amendment retaliation under 42 U.S.C. § 1983 against the CCSO deputies; (2) illegal search and seizure under § 1983 against the CCSO deputies; (3) false arrest under Florida law against all Defendants; (4) false imprisonment under Florida law against all Defendants; (5) false arrest under § 1983 against the CCSO deputies; (6) false imprisonment under § 1983 against the CCSO deputies; (7) assault under Florida law against all Defendants; (8) battery under Florida law against all Defendants; (9) excessive force under § 1983 against the CCSO deputies; (10) malicious prosecution under Florida law against all Defendants; (11) malicious prosecution under § 1983 against the CCSO deputies; (12) deprivation of rights and denial of equal protection under Florida law against all Defendants; (13) deprivation of rights and denial of equal protection under 42 U.S.C. §§ 1981, 1983 against all Defendants; (14) conspiracy to interfere with civil rights under 42 U.S.C. §§ 1983, 1985 against all Defendants; (15) failure to intervene under § 1983 against the CCSO deputies; (16) negligent hiring and retention under Florida law against Sheriff Rambosk; (17) negligent training and

supervision under Florida law against Sheriff Rambosk; and (18) governmental "Monell" liability under § 1983 against Sheriff Rambosk.

Defendants move to dismiss the TAC because, among other things, the TAC is still a shotgun pleading. (Doc. #74.) Defendants assert that despite Plaintiff having the benefit of its arguments in previous motions to dismiss, and the Court's Orders granting dismissal, Plaintiff has put little effort into drafting a complaint that does not run afoul of shotgun pleading principles and the Federal Rules of Civil Procedure. Defendants therefore conclude that the TAC should be dismissed with prejudice. (Id., pp. 3, 10.)

Plaintiff responds that the TAC is not a shotgun pleading. Plaintiff argues that even absent the incorporation of the first 97 paragraphs into each cause of action, the claims would remain legally acceptable because of the factual allegations included into each claim. (Doc. #76, pp. 6-10.)

**II.**

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)

(citation omitted).  To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level."  Id. at 555.  See also, Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010).  This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678.  "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (citations omitted).  Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

III.

**A. Shotgun Pleading**

Defendants assert that the TAC contains an excessive number of paragraphs (276) and counts (18), which alone qualifies as a shotgun pleading.  Defendants also argue that the TAC continues to violate three of the four categories of shotgun pleading identified by the Eleventh Circuit in <u>Weiland v. Palm Beach Cnty. Sheriff's Office</u>, 792 F.3d 1313, 1321-22 (11th Cir. 2015):

> [A] complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.

<u>Weiland</u>, 792 F.3d at 1322-23. (Doc. #74, pp. 8-9.)  The core deficiency among all variants of the shotgun pleading is the failure to provide defendants with adequate notice of the claims against them and their accompanying grounds for relief.  <u>Id.</u> at 1322.  Defendants argue that the First through Ninth Causes of Action, as well as the Twelfth through the Sixteenth and Eighteenth Causes of Action, are examples of shotgun pleadings.

As a threshold matter, the Court rejects the argument that the large number of paragraphs or counts in a complaint necessarily

results in a shotgun pleading.  The Court must look to the quality of the pleading as well as the quantity of the allegations. <u>See Lawrie v. Ginn Dev. Co., LLC</u>, 656 F. App'x 464, 465 (11th Cir. 2016) ("[I]n pleading, as in many aspects of life, quality matters more than quantity.").

**(1)  First Cause of Action — First Amendment Retaliation Pursuant to 42 U.S.C. § 1983 Against CCSO Deputies**

The TAC's First Cause of Action alleges a First Amendment Retaliation claim pursuant to 42 U.S.C. § 1983 against the CCSO deputies in their individual capacities.  This claim incorporates Paragraphs 1-9, 11, 14-61, 67-77, 80, 84-88, 90, 91, and 94-96 of the TAC. (Doc. #72, p. 30.)

Defendants argue that the incorporation of Paragraphs 54, 55, 58, 59, 60, 77, 86, and 91 effectively names Sheriff Rambosk in both his individual and official capacities into this count, although he is not a named defendant in the count.  Additionally, defendants argue that the incorporation of Paragraphs 44-61, 67-77, 80, and 86 pleads facts alleging causes of action for excessive force, battery, assault, malicious prosecution, and discrimination, all of which are immaterial to the First Amendment Retaliation claim.  (Doc. #74, p. 10.)  A careful reading of the claim, however, shows otherwise.

The Eleventh Circuit noted in <u>Weiland</u> that the incorporation of unnecessary facts and allegations into all counts is not *per se*

dispositive of whether a complaint is a shotgun pleading. Weiland, 792 F.3d at 1316.   Here, Plaintiff does incorporate paragraphs from his "Factual Charges" section alleging excessive force, battery, assault, and malicious prosecution, and discrimination. However, the incorporated paragraphs simply identify the substance of the retaliation conduct. (Doc. #72, ¶ 101.) The First Cause of Action does "a good enough job," Weiland, 792 F.3d at 1316, in giving the Defendants notice of the retaliation claim against them, and therefore does not constitute a shotgun pleading.

The Court agrees that incorporation of Paragraphs 58-60, 77, and 86 are troublesome in that they incorporate allegations against Sheriff Rambosk, in his individual and official capacities, despite the Sheriff not being identified as a defendant in this cause of action.   While a district court has the authority to dismiss a complaint on shotgun pleading grounds, Weiland, 792 F.3d at 1320, the Court concludes that the proper remedy is less drastic in this case. The Court will strike the incorporation of paragraphs 58-60, 77, and 86 from the First Cause of Action in the TAC, thereby eliminating these allegations about Sheriff Rambosk as to that claim.   See Jackson v. Bank of Am., N.A., 898 F.3d 1348, 1357 (11th Cir. 2018) (a district court may strike a shotgun pleading sua sponte or on a party's motion).   The motion to dismiss the remainder of the First Cause of Action is denied.

(2)   **Second Cause of Action — Illegal Search and Seizure Pursuant to 42 U.S.C. § 1983 Against CCSO Deputies**

The TAC's Second Cause of Action asserts a claim for illegal search and seizure pursuant to Section 1983 against all the CCSO deputies in their individual capacities.  The Second Cause of Action incorporates Paragraphs 1-9, 11, 14-35, 46, 49, 53-58, 68-69, 73-77, 79-81, 83-85, 87-91 and 94-96. (Doc. #72, p. 33.)

Defendants argue that the Second Cause of Action constitutes a shotgun pleading because Paragraphs 54, 55, 58, 77, 79, 83, 87, 88 and 91 incorporate allegations against Sheriff Rambosk, in his individual and official capacities, while Paragraphs 53, 56, 58, 73-77, 79, 81, 83, 85, 87, 88, 89 and 90, incorporate facts alleging excessive force, battery, assault, malicious prosecution, discrimination and retaliation, all of which are immaterial to the claim for illegal search and seizure. (Doc. #74, pp. 10-11.)

Upon careful review of the TAC, the Court finds that Paragraphs 58, 77, 79, 83, 87, and 91 incorporate allegations against Sheriff Rambosk in his individual and official capacities, despite the Sheriff not being identified as a defendant in this cause of action.  Likewise, Paragraphs 81, 83, 85, 87, 88, and 90 allege discrimination, malicious prosecution, assault, and battery that are immaterial to Plaintiff's illegal search and seizure claim.  The Court finds it necessary to strike Paragraphs 58, 77, 79, 81, 83, 85, 87, 88, and 90 from this claim. See Weiland, 792

F.3d at 1322. Defendants' motion to dismiss this claim is otherwise denied.

### (3) Third, Fourth, Fifth, and Sixth Causes of Action — False Arrest and False Imprisonment Pursuant to 42 U.S.C. § 1983 and Florida Law

The TAC's Third and Fourth Causes of Action set forth claims for false arrest and false imprisonment under Florida law, while the Fifth and Sixth Causes of Action allege the same claims pursuant to 42 U.S.C. § 1983.[2] (Doc. #72, pp. 34-39.)  The Florida state law claims are brought against the CCSO deputies and Sheriff Rambosk in his official capacity, while the federal claims are brought against only the CCSO deputies in their individual capacities. (Id.)

Defendants argue that the incorporated paragraphs 31, 35, 37, 49, 59, 67, 70-71, 76-77, 81, and 83 plead immaterial facts asserting malicious prosecution, discrimination, battery, excessive force, conspiracy, and unlawful search.  Defendants are partially correct.

By incorporating Paragraphs 59, 81, and 83 into these causes of action, the TAC mixes various immaterial allegations related to

---

[2] The Third Cause of Action incorporates Paragraphs 1-37, 49, 53-60, 63-77, 79-90, and 94-97; the Fourth Cause of Action incorporates Paragraphs 1-37, 49, 53-60, 64-71, 76-77, 81-84, and 94-97; the Fifth Cause of Action incorporates Paragraphs 1-37, 49, 53-60, 67-77, 81-84, 86-87, 90, and 94-97; and the Sixth Cause of Action incorporates Paragraphs 1-37, 49, 53-57, 60, 67-72, 76, 81-84, and 94-97.

other causes of action (i.e., discrimination, retaliation and malicious prosecution) with the distinct claims of false arrest and false imprisonment.  As to the remainder of the paragraphs identified by Defendants, the Court is not convinced that they allege additional claims that make it "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." Weiland, 792 F.3d at 1325.  Rather, Paragraphs 31, 35, 37, 49, 67, 70-71, and 76-77 provide background information that led up to Plaintiff's arrest and imprisonment, identify the crimes for which Plaintiff was charged, the length of Plaintiff's detainment, and the lack of probable cause, all of which may be relevant to claims of false arrest and imprisonment. The Court therefore elects the less drastic remedy of striking only Paragraphs 59, 81, and 83 from each of these causes of action instead of dismissing each claim.  Accordingly, Paragraphs 59, 81, and 83 are stricken from the Third, Fourth, Fifth, and Sixth Causes of Action, but Defendants' motion is otherwise denied at to these claims.

> **(4)   Seventh, Eighth, and Ninth Causes of Action – Assault and Battery Under Florida Law and Excessive Force Pursuant to 42 U.S.C. § 1983**

The TAC asserts an assault and battery claim under Florida law in the Seventh and Eighth Causes of Action against the CCSO deputies in their individual capacities and Sheriff Rambosk in his official capacity. (Doc. #72, pp. 40-43.) The Ninth Cause of Action

sets forth an excessive force claim pursuant to § 1983 against the CCSO deputies in their individual capacities.[3] (Id., p. 45.)

Defendants argue that by incorporating paragraphs 13 and 78, Sheriff Rambosk is being sued in both his official and individual capacities for use of force on Plaintiff.  This is problematic, defendants argue, because the TAC does not contain any allegations that Sheriff Rambosk was present during the arrest, that he physically touched Mr. Denson, or that he ordered CCSO deputies to apply excessive force upon Plaintiff. (Doc. #74, p. 12.) Plaintiff responds that "ordering" the other Defendants to touch him may constitute direct participation in an unlawful act. (Doc. #76, p. 8.)

Assuming Plaintiff may be correct, Plaintiff has not pointed to any allegations within the TAC that support a reasonable inference that Sheriff Rambosk ordered the CCSO Deputies to assault, batter, or use excessive force upon Plaintiff. Thus, the Court strikes Paragraphs 13 and 78 from the Seventh and Eighth Causes of Causes of action, and Paragraph 78 from the Ninth Cause of Action.

---

[3] The Seventh Cause of Action incorporates Paragraphs 1-37, 39-43, 53-56, 59, 69, 76, 78, 83-84, 89-90, 94-97; the Eighth Cause of Action incorporates Paragraphs 1-43, 53-56, 59, 69, 76, 78, 83-84, 89-90, 94-97; and the Ninth Cause of Action incorporates Paragraphs 1-9, 14-45, 47-57, 76-78, 83-85, 87, 89-90, and 94-96.

Defendants also contend that all three causes of action incorporate paragraphs that plead facts alleging false arrest, malicious prosecution, discrimination, conspiracy, retaliation, unlawful search, and negligent hiring, training and supervision, all of which are immaterial to the claims of assault, battery, and excessive use of force. (Id.) In particular, Defendants argue that Paragraphs 11, 13, 76, 79, 83-84, 89-90 assert additional claims in the Seventh and Eighth Causes of Action, while Paragraphs 76, 83-84, and 89-90 are improperly incorporated in the Ninth Cause of Action. (Id., p. 12 n.4.)

The Court finds Paragraphs 11, 76, 79, 83-84, 89-90 are immaterial to Plaintiff's claims for assault, battery, and excessive force as they allege claims for discrimination, malicious prosecution, negligent hiring, training, and supervision. Nonetheless, these causes of action are "informative enough to permit [the Defendants] to readily determine if they state a claim upon which relief can be granted." Weiland, 792 F.3d at 1326. Thus, the Court will also strike Paragraphs 11, 76, 79, 83-84, 89-90 from the Seventh and Eighth Causes of Action, and Paragraphs 76, 83-84, and 89-90 as to the Ninth Cause of Action, but declines to dismiss the Seventh, Eighth, and Ninth Causes of Action in their entirety.

(5) **Twelfth and Thirteenth Causes of Action – Deprivation of Rights and Denial of Equal Protection Of The Law Under Fla. Stat. §§ 760.07 and 760.08, and 42 U.S.C. §§ 1981 & 1983**

The Twelfth Cause of Action brings a claim for deprivation of rights and a denial of equal protection under the law pursuant to Fla. Stat. §§ 760.07 and 760.08, while the Thirteenth Cause of Action asserts the same claim pursuant to 42 U.S.C. §§ 1981 and 1983. Each claim is brought against the CCSO deputies and Sheriff Rambosk in his official capacity, and they incorporate Paragraphs 1-97 of the TAC. (Doc. #72, pp. 52, 55.)

Defendants argue that all 97 paragraphs are not material to these claims. (Doc. #74, p. 12.) Defendants further argue that both causes of action commingle both official capacity and individual capacity claims, which is made more confusing as to Defendant Rambosk, who is named in his official capacity in these claims, but through incorporation of Paragraphs 12, 13, 54, 55, 58, 59, 60, 62, 63, 65, 66, 78, 82, 83, 86, is also apparently being sued in his individual capacity. (Id., pp. 12-13.)

Unlike the previous causes of action, Plaintiff incorporates all of the first 97 paragraphs of the TAC, which include repetitive allegations and immaterial facts that have no bearing on these claims and which violate Rule 8(a)(2). The Court has warned Plaintiff in two previous Opinion and Orders about conclusory, vague, and immaterial facts caused by incorporating the first 96

paragraphs into each count. (Doc. #58, pp. 4-5; Doc. #71, pp. 8-9.)  Plaintiff nevertheless continues to do so in the Twelfth and Thirteen causes of action, and thus includes not only repetitive and immaterial factual allegations, but also other claims for illegal search and seizure, excessive force, false imprisonment, and malicious prosecution.  Additionally, Plaintiff continues to commingle official and individual capacity claims as to Sheriff Rambosk.  Because Plaintiff made no effort to eliminate immaterial allegations and vague claims, Defendants' motion to dismiss with prejudice the Twelfth and Thirteenth Causes of Action is hereby granted.

**(6)  Fourteenth Cause of Action – Conspiracy To Interfere With Civil Rights Under 42 U.S.C. §§ 1983 & 1985**

The Fourteenth Cause of Action asserts a claim for conspiracy to interfere with civil rights pursuant to Sections 1983 and 1985 of the United States Code against the CCSO Deputies and Sheriff Rambosk in their individual capacities. (Doc. #72, p. 57.) Plaintiff alleges that the Defendants committed overt acts in furtherance of their conspiracy when they engaged in verbal and written communication with one another to agree to submit false allegations to prosecutors and fabricate inculpatory evidence against him. (Id., ¶ 231.)

Defendants argue that Plaintiff incorporates all of the first 97 paragraphs, except for Paragraph 10, which refers to the former

16

defendant — Collier County. (Id., ¶ 229.) By doing so, Defendants assert, Plaintiff has pled immaterial facts to the conspiracy claim and commingled both official and individual capacity claims by incorporating paragraphs 11, 13, 79, 91, and 92.

For the reasons discussed above as to the Twelfth and Thirteenth Causes of Action, the Court finds that the Fourteenth Cause of Action continues to constitute the second type of impermissible shotgun pleading – incorporation of immaterial allegations. Defendants' motion is hereby granted as to this claim, and the Fourteenth Cause of Action it is dismissed with prejudice.

### (7) Fifteenth Cause of Action – Failure to Intervene Pursuant to 42 U.S.C. § 1983

The Fifteenth Cause of Action alleges a federal failure to intervene claim against the CCSO deputies in their individual capacities, and incorporates introductory Paragraphs 1-9, 14-37, 41-47, 50-58, 68-69, 76, 84, and 94-96.

Defendants argue that by incorporating Paragraphs 54, 55, 58, 94, and 96 into this failure to intervene claim, Plaintiff has implicated Sheriff Rambosk in his individual capacity, as well as pled facts alleging malicious prosecution, discrimination, and retaliation through incorporation of Paragraphs 76 and 84. (Doc. #74, p. 13.)  The Court finds only paragraphs 58 and 84 troublesome, alleging claims against Sheriff Rambosk and asserting other claims not pertinent to Plaintiff's failure to intervene

cause of action.  The Court finds that the less drastic remedy of striking these two paragraphs more appropriate, since Defendants may still determine the claim upon which relief is sought by Plaintiff. See Jackson, 898 F.3d at 1357.  Paragraphs 58 and 84 are stricken from the Fifteenth Cause of Action, but Defendants' motion to dismiss this claim is otherwise denied.

**(8)  Sixteenth and Seventeenth Causes of Action – Negligent Hiring and Retention, and Negligent Training and Supervision Under Florida Law**

The TAC asserts a claim for negligent hiring and retention in the Sixteenth Cause of Action and a claim for negligent training and supervision in the Seventeenth Cause of Action. Both claims are brought under Florida law against Sheriff Rambosk in his official capacity, and incorporate Paragraphs 1-49, 53-60, 68-69, 76, and 88-97. (Doc. #72, pp. 60, 62.)

Defendants argue that by incorporating paragraphs 13 and 14, Plaintiff is also naming the individual defendants in these counts, and that most of the incorporated paragraphs plead facts alleging claims for false arrest and imprisonment, assault, battery, excessive force, malicious prosecution, conspiracy, discrimination, retaliation, and unlawful search. (Doc. #74, p. 14.)

The Court agrees that the incorporation of the paragraphs is problematic since Paragraph 13 names Sheriff Rambosk in his individual capacity, and Paragraph 14 identifies Deputy Kinney,

who is not part of this claim.  Thus, the Court will strike Paragraphs 13 and 14 from each cause of action.

Furthermore, the cause of action includes numerous allegations (i.e., Paragraphs 48, 53-60, 68-69, 89, 90, and 96) that are not material to any claim against Sheriff Rambosk for negligent hiring, retention, training, or supervision.  As such, it "materially increased the burden [upon Defendants] of understanding the factual allegations underlying each count." Weiland, 792 F.3d at 1324.  Accordingly, the Court strikes paragraphs 13, 14, 48, 53-60, 68-69, 89, 90, and 96 from the Sixteenth and Seventeenth Causes of Action.  Defendants' motion to dismiss these claims as shotgun pleadings is otherwise denied.

**(9)  Eighteenth Cause of Action — Governmental "Monell" Liability Pursuant to 42 U.S.C. 42 U.S.C. § 1983**

In his final cause of action, Plaintiff alleges a governmental "Monell" Liability claim against Sheriff Rambosk in his official capacity, and incorporates Paragraphs 1 through 97 of the TAC. (Doc. #72, p. 64.)  Defendants argues that this claim should be dismissed because it unnecessarily incorporates Paragraphs 1 through 97, including Paragraphs 13 and 14 which commingle individual and official capacity claims.  The Court agrees.

The Eighteenth Cause of Action consists of approximately five pages of allegations which alone may be sufficient to state a Section 1983 Monell claim.  Plaintiff, however, incorporated all

of the first 97 paragraphs into this claim such that it is "rife with immaterial factual allegations" and is violates the rules against shotgun pleading. <u>Barmapov v. Amuial</u>, 986 F.3d 1321, 1325 (11th Cir. 2021). <u>See also</u> <u>Chudasama v. Mazda Motor Corp.</u>, 123 F.3d 1353, 1359 n.9 (11th Cir. 1997) (describing a complaint in which four counts incorporated all 43 numbered paragraphs of factual allegations, many of which appeared to relate to only one or two counts, as "an all-too-typical shotgun pleading"). Accordingly, as with some of the prior counts, the Court finds that dismissal with prejudice is warranted.

**B. Alternative Grounds For Dismissal**

Defendants assert there are alternative grounds for dismissal as to of some of the causes of action set forth in the TAC.[4] (Doc. #74, p. 15.)

**(1)   Official and Individual Capacity State Law Claims**

Defendants argue that the Third, Fourth, Seventh, and Eighth Causes of Action are state law claims that are both individual capacity and official capacity claims, in the alternative, in the same count. (Doc. #74, p. 15.) Defendants assert that would make

---

[4] Defendants also raise alternative arguments as to why the Fourteenth and Eighteenth Causes of Action should be dismissed for failure to state a claim. (Doc. #74, pp. 16, 18.) Because the Court has previously found each cause of action should be dismissed on shotgun pleading grounds, it does not address Defendants' alternative arguments as to these claims.

them immune from suit based upon mutually exclusive immunity afforded under state law. (Id.) Defendants conclude that the attempt to plead in the alternative in a single count to avoid immunity fails because one allegation does not cancel out the other. Plaintiff responds that he did not dually plead to avoid immunity with respect to individual or official capacity; instead, he asserts two factual allegations that would invoke immunity contingent upon which allegations are substantiated through the course of discovery. (Doc. #76, pp. 7-8.)

At this stage of the litigation, the Court finds Plaintiff has alleged sufficient facts for either individual or official capacity claims. This is proper under Fed. R. Civ. P. 10(b). The Court declines to dismiss these causes of action based upon the arguments set forth by Defendants.

### (2) Tenth Cause of Action — Malicious Prosecution Under Florida Law

The Tenth Cause of Action asserts a claim for malicious prosecution under Florida law against the CCSO deputies in their individual capacities and Sheriff Rambosk in his official capacity. (Doc. #72, p. 47.) Defendants argue that this cause of action fails to state a claim against Sheriff Rambosk in his official capacity because the government is immune from suit for malicious prosecution under Fla. Stat. § 768.28(9)(a). (Doc. #74,

p. 16.) Plaintiff did not address this issue in his response. (See
Doc. #76.)

Plaintiff has brought a state tort claim for malicious
prosecution against Sheriff Rambosk in his official capacity. Not
surprisingly, Florida law is clear that malice is a required
element to a malicious prosecution claim. Miami-Dade Cnty. v. Asad,
78 So. 3d 660, 664 (Fla. 3d DCA 2012). Because there can be no
claim for malicious prosecution without a showing of malice, and
because Fla. Stat. § 768.28(9)(a) bars claims against the entity
or officials acting in their official capacities for conduct
committed with malice, Florida law is also clear that there can be
no claim for malicious prosecution against state agencies or
subdivisions. Weiland, 792 F.3d at 1330; Fla. Dept. of Envtl.
Prot. v. Green, 951 So. 2d 918, 919 (Fla. 4th DCA 2007); Johnson
v. State Dep't of Health and Rehab. Servs., 695 So.2d 927, 930
(Fla. 2d DCA 1997). Accordingly, Plaintiff's state law claim for
malicious prosecution against Sheriff Rambosk in his official
capacity is dismissed with prejudice.

### (3) Eleventh Cause of Action – Malicious Prosecution Under 42 U.S.C. § 1983

The Eleventh Cause of Action asserts a malicious prosecution
claim pursuant to Section 1983 against the CCSO deputies in their
individual capacities. (Doc. #72, pp. 49-50.) Defendants argue
that Plaintiff's July 5, 2017 warrantless arrest cannot serve as

the predicate deprivation of liberty to support a § 1983 malicious prosecution claim. (Doc. #74, p. 16.) Rather, Defendants contend that Plaintiff must allege that he was seized in relation to the prosecution itself, and that the normal conditions of pre-trial release do not constitute a seizure for purposes of this claim. (Id.) Thus, Defendants argue that Plaintiff fails to state a claim here. (Id.)

To state a section 1983 malicious prosecution claim, plaintiff must allege: "(1) the elements of the common law tort of malicious prosecution, and (2) a violation of [the plaintiff's] Fourth Amendment right to be free from unreasonable seizures." Kingsland v. City of Miami, 382 F.3d 1220, 1234 (11th Cir. 2004) (citing Wood v. Kesler, 323 F.3d 872, 881 (11th Cir. 2003)). Defendants do not challenge the sufficiency of the allegations as to the first prong.  Defendants assert, however, that Plaintiff has failed to sufficiently allege the second prong of the section 1983 malicious prosecution claim, i.e., a constitutional violation in relation to the prosecution.

The Eleventh Circuit has summarized the requirements of this prong as follows:

> Kingsland bears the burden of proving that she was seized in relation to the prosecution, in violation of her constitutional rights. In the case of a warrantless arrest, the judicial proceeding does not begin until the party is arraigned or indicted. Thus, the plaintiff's arrest cannot serve as the predicate deprivation of liberty because it occurred prior to the time of

arraignment, and was not one that arose from malicious prosecution as opposed to false arrest.

Id. at 1235 (citation omitted) (internal quotation marks omitted).

The Eleventh Cause of Action fails to plausibly allege a constitutional deprivation in relation to the prosecution independent of the initial Fourth Amendment violation. The only constitutional violations alleged within the TAC relate to Plaintiff's seizure and warrantless arrest. As these occurred prior to the beginning of the judicial proceeding, they are not related to the prosecution for purposes of section 1983 malicious prosecution claims. Kingsland, 382 F.3d at 1235-36. The only other allegation by Plaintiff of a constitutional violation is conclusory and not sufficient to state a claim for relief for section 1983 malicious prosecution. (Doc. #72, ¶ 53: "As a direct and proximate result of the acts of Defendants . . . Plaintiff sustained . . . deprivation of his rights pursuant to the First, Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution . . . , loss of liberty . . . ."). Accordingly, Plaintiff has failed to state a claim for Section 1983 malicious prosecution against the CCSO deputies in their individual capacities. The Eleventh Cause of Action is dismissed without prejudice.

**(4)  Sixteenth Cause of Action — Negligent Hiring and Retention Under Florida Law**

Defendants argue that the Sixteenth Cause of Action, which brings a claim against Sheriff Rambosk in his official capacity for negligent hiring and training under Florida law, fails to state a claim upon which relief may be granted. (Doc. #74, pp. 17-18.) Specifically, Defendants argue that this cause of action appears to be based on a claim that all individual deputies were negligently hired and retained, but the only specific deputy identified is Deputy Kinney.  Defendants also emphasize that the incorporation of Paragraph 13, which also names Sheriff Rambosk in his individual capacity, would mean that to the extent the Sheriff acted in bad faith and with malicious purposes creates an impossible situation regarding the application of immunity pursuant to Fla. Stat. § 768.28(9)(a).

The Court does not agree with defendants' argument that the cause of action only identifies deputy Kinney.  Paragraph 241 of the TAC states that "[a]n appropriate investigation would have revealed the unsuitability of the **individual CCSO defendants**, particularly Defendant Kinney, for employment assignments . . . ." (Doc. #72, ¶ 241)(emphasis added).  This is clear that Plaintiff is referencing each defendant CCSO deputy.

As discussed above, the Court struck Paragraph 13 from the Sixteenth Cause of Action because it confusingly and unnecessarily

25

incorporates Sheriff Rambosk in his individual capacity. Accordingly, Defendants' motion to dismiss the Sixteenth Cause of Action for failure to state a claim is denied.

> **(5) Seventeenth Cause of Action — Negligent Training and Supervision Under Florida Law**

Defendants argue that the Seventeenth Cause of Action, a state law claim for negligent training and supervision against Sheriff Rambosk in his official capacity, also fails to state a claim upon which relief may be granted. (Doc. #74, p. 18.) Defendants reiterate their argument that this cause of action incorporates Paragraph 13 of the TAC, and thus appears to bring a claim against Sheriff Rambosk in his individual capacity. (Id.) Since the Court has stricken paragraph 13, this argument is moot.

Defendants further argue that the TAC contains vague and conclusory allegations that Sheriff Rambosk owed a duty to plaintiff under state law to train, supervise, and discipline the CCSO deputies in a particular way or to establish specific training programs, or to supervise deputies in a particular manner prior to their contact with Plaintiff. (Id., p. 19.) Defendants assert there can be no governmental liability unless a common law or statutory duty of care was owed to the injured party. (Id.) Defendants argue that Sheriff Rambosk is immune from suit for decisions regarding what subject matters to include in a training program or by policy or in discipline, including how the Sheriff's Office should train

deputies. In sum, Defendants contend that because no duty exists, this claim should be dismissed. (Id., citing Lewis v. City of St. Petersburg, 260 F.3d 1260, 1266 (11th Cir. 2001)(sovereign immunity barred claim regarding how to train officers); Cook v. Sheriff of Monroe Cnty., Fla., 402 F.3d 1092, 1117-19 (11th Cir. 2005)(sovereign immunity barred claim regarding how to train officers in suicide prevention)).

To sufficiently state a cause of action under Florida law for negligent supervision, a plaintiff must allege: (1) the existence of a relationship giving rise to a legal duty to supervise; (2) negligent breach of that duty; and (3) proximate causation by virtue of the breach. Albra v. City of Ft. Lauderdale, 232 F. Appx. 885, 888 (11th Cir. 2007). "A person injured by a government actor in the course of enforcing the laws for the general protection of the public ordinarily has no claim, because the actor owes no actionable common-law duty of care to the general public." Vaden v. Campbell, No. 4:09CV12-RH/WCS, 2009 U.S. Dist. LEXIS 127138, 2009 WL 1919474, at *3 (N.D. Fla. July 2, 2009); McCain v. Fla. Power Corp., 593 So. 2d 500, 502 (Fla. 1992) (noting that the existence of a duty of care is a "minimal threshold legal requirement for opening the courthouse doors") (internal citations and emphasis omitted). Rather, an individual injured by a government actor only has a claim "if the government actor owes the person a special duty of care." Id.; see Trianon Park Condo.

Assoc. v. City of Hialeah, 468 So. 2d 912, 919 (Fla. 1985).  A special duty of care arises "when law enforcement officers become directly involved in circumstances which place people within a 'zone of risk' by [1] creating or permitting dangers to exist, [2] by taking persons into police custody, [3] detaining them, or [4] otherwise subjecting them to danger." Wallace v. Dean, 3 So. 3d 1035 (Fla. 2009) (quoting Pollock v. Fla. Dep't of Highway Patrol, 882 So. 2d 928, 935 (Fla. 2004)) (emphasis in original).

Here, Plaintiff has alleged facts showing that he was taken into police custody and detained, and thus was owed a duty of care. See Moore v. State, Fla. Fish and Wildlife Conservation Commission, 861 So.2d 1251, 1253 (Fla. 1st DCA 2003) ("[O]nce appellant had been restrained of this liberty, he was in the 'foreseeable zone of risk" [and] a duty of care was owed to the appellant.").

Plaintiff, however, does not allege facts showing that Sheriff Rambosk breached this duty of care.  Plaintiff alleges that the Sheriff fell short in training and supervising his employees, but he does not provide any facts as to why more training or supervising was needed.  (Doc. #72, ¶¶ 251-52.)  Plaintiff simply alleges a general duty to train his officers "so that they would be able to interact with members of the public without violating their civil rights," based on Sheriff Rambosk's knowledge of "the individual CCSO defendants' propensities for violating the individual rights granted under the Constitution . . . and the

laws of . . . Florida." (Doc. #72, ¶¶ 253-55.) Because these conclusory allegations fail to "nudge [] [plaintiff's claim] across the line from conceivable to plausible," the negligent retention claim must be dismissed without prejudice for failure to state a claim. See Twombly, 550 U.S. at 557; Harper v. Lawrence Cnty., Ala., 592 F.3d 1227, 1233 (11th Cir. 2010).

**(6)  Punitive Damages**

Defendants argue that Plaintiff also seeks punitive damages from Sheriff Rambosk in his official capacity (Doc. #72, ¶ 5), which are not recoverable as a matter of law. (Doc. #74, p. 5 n.2.) The Court agrees. See City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271, 101 S. Ct. 2748, 69 L. Ed. 2d 616 (1981); Colvin v. McDougall, 62 F.3d 1316, 1319 (11th Cir. 1995). Accordingly, Plaintiff's demand for punitive damages against Sheriff Rambosk (in his official capacity) is dismissed.

Accordingly, it is now

**ORDERED:**

1.  Defendants' Motion to Dismiss (Doc. #74) is **GRANTED in part and DENIED in part.**

    a. As to the First Cause of Action for First Amendment Retaliation, **Paragraphs 58-60, 77, and 86 are stricken** from this claim, but Defendants' motion is otherwise **DENIED** as to this claim.

b. As to the Second Cause of Action, **Paragraphs 58, 77, 79, 81, 83, 85, 87, 88, and 90 are stricken** from this claim, but Defendants' motion is otherwise **DENIED** as to this claim.

c. As to the Third Cause of Action, **Paragraphs 59, 81, 83 are stricken** from this claim, but Defendants' motion is otherwise **DENIED** as to this claim.

d. As to the Fourth Cause of Action, **Paragraphs 59, 81, 83 are stricken** from this claim, but Defendants' motion is otherwise **DENIED** as to this claim.

**e.** As to the Fifth Cause of Action, **Paragraphs 59, 81, 83 are stricken** from this claim, but Defendants' motion is otherwise **DENIED** as to this claim.

f. As to the Sixth Cause of Action, **Paragraphs 59, 81, 83 are stricken** from this claim, but Defendants' motion is otherwise **DENIED** as to this claim.

g. As to the Seventh Cause of Action, **Paragraphs 11, 13, 76, 78-79, 83-84, 89-90 are stricken** from this claim, but Defendants' motion is otherwise **DENIED** as to this claim.

h. As to the Eighth Cause of Action **Paragraphs 11, 13, 76, 78-79, 83-84, 89-90 are stricken** from this claim, but Defendants' motion is otherwise **DENIED** as to this claim.

i. As to the Ninth Cause of Action, **Paragraphs 76, 78, 83-84, and 89-90 are stricken** from this claim, but Defendants' motion is otherwise **DENIED** as to this claim.

j. Defendants' motion to dismiss the Tenth Cause of Action as to defendant Sheriff Rambosk is hereby **GRANTED** and the claim is **DISMISSED without prejudice.**

k. Defendants' motion to dismiss the Eleventh Cause of Action is hereby **GRANTED** and the claim is **DISMISSED without prejudice.**

l. Defendants' motion to dismiss the Twelfth Cause of Action is hereby **GRANTED** and the claim is **DISMISSED with prejudice.**

m. Defendants' motion to dismiss the Thirteenth Cause of Action is hereby **GRANTED** and the claim is **DISMISSED with prejudice.**

n. Defendants' motion to dismiss the Fourteenth Cause of Action is hereby **GRANTED** and the claim is **DISMISSED with prejudice.**

o. As to the Fifteenth Cause of Action, **Paragraphs 58 and 84 are stricken**, but Defendants' motion is otherwise **DENIED** as to this claim.

p. As to the Sixteenth Cause of Action, **Paragraphs 13, 14, 48, 53-60, 68-69, 89, 90, and 96 are stricken,**

but Defendants' motion is otherwise **DENIED** as to this claim.

q. Defendants' motion to dismiss the Seventeenth Cause of Action is hereby **GRANTED** and the claim is **DISMISSED without prejudice.**

r. Defendants' motion to dismiss the Eighteenth Cause of Action is hereby **GRANTED** and the claim is **DISMISSED with prejudice.**

s. Defendants' motion to dismiss Plaintiff's demand for punitive damages against Sheriff Rambosk (in his official capacity) is **GRANTED.**

**DONE and ORDERED** at Fort Myers, Florida, this __21st__ day of September, 2022.


JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE


Copies:
Counsel of Record