```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION

ANTHONY DENSON, JR.,

        Plaintiff,

v.                                  Case No:  2:21-cv-497-JES-NPM

KEVIN RAMBOSK, MATTHEW
KINNEY, ALAN FLANAGAN,
DAVID MERCADO, JASON BOOTH,
RYAN TUTT, NATHAN KIRK,
JOESPH AMOROSI, and
BARTOLOME AMENGUAL,

        Defendants.
_____
```

**OPINION AND ORDER**

This matter comes before the Court on review of plaintiff's Motion to Strike Affirmative Defenses (Doc. #83) filed on October 14, 2022. Defendants filed a Response in Opposition (Doc. #86) on October 28, 2022, which agrees to strike the sixth and seventeenth affirmative defenses but otherwise opposes the motion. For the reasons set forth below, the motion is otherwise denied.

**I.**

This is a civil rights action brought by Plaintiff Anthony Denson, Jr. (Plaintiff) against nine defendants – the Collier County Sheriff and eight deputies. Plaintiff asserts federal claims pursuant to 42 U.S.C. §§ 1983 and 1988, as well as claims under Florida state law.

On June 28, 2022, Plaintiff filed his Third Amended Complaint (TAC). (Doc. #72.) On September 21, 2022, the Court issued an Opinion and Order granting in part and denying in part Defendants' Motion to Dismiss the TAC. (Doc. #77.) In due course, Defendants filed an Amended Answer and Defenses to Plaintiff's Third Amended Complaint and Demand For a Jury Trial (Doc. #80) which included twenty affirmative defenses.

Plaintiff now moves to strike Defendants first, sixth, seventh[1], eleventh, twelfth, and fifteenth through eighteenth affirmative defenses. Plaintiff argues these defenses do not comply with the pleading requirements of Federal Civil Procedure Rule 8 and are conclusory, thereby not providing Plaintiff fair notice of the nature of the affirmative defense. (Doc. #83, pp. 5-11.)  Defendants respond that Plaintiff's motion should be denied because Plaintiff has not demonstrated that any prejudice will result from allowing the defenses or that they are insufficient as a matter of law.  (Doc. #86, pp. 6, 15.)  Alternatively, Defendants request an opportunity to file a second amended answer and defenses in order to re-plead the defenses as necessary. (Id.)

---

[1] Defendants note that Plaintiff's motion (Doc. #83, p. 12) mistakenly states that Defendants agreed to strike the seventh affirmative defense. Defendants agreed to strike the seventeenth affirmative defense, not the seventh. (Doc. #86, p. 3 n.2; Doc. #86-1, p. 1.)

## II.

A party responding to a pleading must "affirmatively state" any avoidance or affirmative defenses in its response. Fed. R. Civ. P. 8(c). "An affirmative defense is generally a defense that, if established, requires judgment for the defendant even if the plaintiff can prove his case by a preponderance of the evidence." Wright v. Southland Corp., 187 F.3d 1287, 1302 (11th Cir. 1999). On the other hand, "[a] defense which points out a defect in the plaintiff's *prima facie* case is not an affirmative defense." In re Rawson Food Serv., Inc., 846 F.2d 1343, 1349 (11th Cir. 1988). "The purpose of Rule 8(c) is simply to guarantee that the opposing party has notice of any additional issue that may be raised at trial so that he or she is prepared to properly litigate it." Hassan v. U.S. Postal Serv., 842 F.2d 260, 263 (11th Cir. 1988). "When a plaintiff has notice that an affirmative defense will be raised at trial, the failure of the defendant to plead the affirmative defense does not prejudice the plaintiff, and it is not error for the district court to hear evidence on the issue." Hewitt v. Mobile Rsch. Tech., Inc., 285 F. App'x 694, 696 (11th Cir. 2008)(citing Hassan, 842 F.2d at 263).

Federal Rule of Civil Procedure 12(f) provides that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ. P. 12(f). There is a split of authority among district courts

3

as to whether the Rule 8(c) obligation to "affirmatively state" an affirmative defense imports the pleading standard of Rule 8(a), as set forth in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 553 (2007) and Ashcroft v. Iqbal, 556 U.S. 662 (2009).  See GEOMC Co., Ltd. v. Calmare Therapeutics Inc., 918 F.3d 92, 97 (2d Cir. 2019)(citations omitted.)  GEOMC adopted the Twombly plausibility standard, but found that the context of the affirmative defense was relevant "to the degree of rigor appropriate for testing the pleading of an affirmative defense."  Id. at 98.  A brief review of some of the undersigned's orders show use of several inconsistent standards.  Compare Colon v. Wal-Mart Stores, Inc., 2:13-CV-464-FTM-29, 2014 U.S. Dist. LEXIS 54972, 2014 WL 1588463, at *1 (M.D. Fla. Apr. 21, 2014) ("Affirmative defenses must follow the general pleading requirements contained in Rule 8 of the Federal Rules of Civil Procedure.") and EmCyte Corp. v. XLMedica, Inc., 2:19-CV-769-JES-NPM, 2022 U.S. Dist. LEXIS 23426, 2022 WL 394392, at *4 (M.D. Fla. Feb. 9, 2022)(same) with Am. Mariculture, Inc. v. Syaqua Ams., Inc., 2:20-CV-711-JES-MRM, 2021 U.S. Dist. LEXIS 159547, 2021 WL 3732915, at *2 (M.D. Fla. Aug. 24, 2021)(finding that the Rule 8 pleading standards do not apply to affirmative defenses and adopting a "no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party" standard); EmCyte Corp. v. XLMedica, Inc., 2:19-CV-769-JES-NPM, 2022 U.S. Dist. LEXIS 64183, 2022 WL 1026124, at *2 (M.D.

4

Fla. April 6, 2022) (finding affirmative defenses were properly pled where they had a possible relationship to each count of the controversy, would not confuse the issues, and would not otherwise prejudice an opposing party).

The Court finds that the contested affirmative defenses to the TAC are "affirmatively state[d]" within the meaning of Rule 8(c) and are not "insufficient" within the meaning of Rule 12(f). The context of each affirmative defense includes those TAC facts admitted or denied in the answer. It is clear that each affirmative defense has a possible relationship or nexus to specific claims in the TAC. The Court finds nothing in the affirmative defenses as pled which would confuse the issues or prejudice plaintiff.

Accordingly, it is now

**ORDERED**:

Plaintiff's Motion to Strike Affirmative Defenses (Doc. #83) is **GRANTED** as to the sixth and seventeenth affirmative defense, and is otherwise **DENIED**.

**DONE** AND **ORDERED** at Fort Myers, Florida, this __4th__ day of January, 2023.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

5

Copies:
Counsel of record