# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

**ANTHONY DENSON, JR.,**

    Plaintiff,

v.                                                              2:21-cv-497-JES-NPM

**MATTHEW KINNEY,**
**ALAN FLANAGAN,**
**DAVID MERCADO,**
**JASON BOOTH,**
**RYAN TUTT,**
**NATHAN KIRK,**
**JOSEPH AMOROSI** and
**BARTOLOME AMENGUAL,**

    Defendants.

---

## ORDER DENYING LEAVE TO RE-OPEN DISCOVERY

In 2017, defendant Matthew Kinney, a deputy with the Collier County Sherriff's Office (CCSO), pulled plaintiff Anthony Denson, Jr. over in his car. According to Denson, Kinney became irritated, removed him from his car, and beat him. Denson claims that other deputies joined in and that they searched his person and vehicle. The deputies brought Denson to the Naples Jail Center. Denson says that the deputies then fabricated evidence against him in retaliation for being outspoken against CCSO. Denson was charged with various offenses, but the Assistant State Attorney ultimately dismissed the charges.

On July 5, 2021, Denson brought this civil-rights action against various defendants asserting several federal and state law claims relating to his arrest and prosecution. (Doc. 1). The next day, Denson amended his complaint as a matter of right (Doc. 5). Over the next year, Denson amended his complaint two more times in response to the court's dismissal orders. (Docs. 59, 72). In December 2021, the court entered the first scheduling order in this action. That order set a December 22, 2021, deadline to exchange Rule 26(a)(1) initial disclosures and a December 2, 2022, discovery deadline. (Doc. 50). Nearly a year later, Denson moved to extend the discovery deadline by four months (Doc. 85). So the court moved the discovery deadline to March 2, 2023—the date Denson requested. (Doc. 99). That deadline having already passed, Denson again asks this court for more time to conduct discovery. Denson now claims that defendants retaliated against him for making videos of other purported discriminatory traffic stops on his cell phone. And he needs more time to extract the videos from the now-broken phone, serve subpoenas related to the other traffic stops, and disclose a photo of his identification card. Denson's request fails for several reasons.

To start, Denson cannot use the discovery he seeks. So the court sees no reason to amend its scheduling order, again, to re-open discovery. The parties' initial disclosures deadline expired in December 2021. Over a year after the deadline, Denson supplemented his initial disclosures to disclose the existence of his cell

phone (and apparently still wishes to disclose a photo of his identification card). Denson cannot use this late-disclosed evidence.

Rule 26 requires the disclosure of "electronically stored information" and "tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims. . . ." FED R. CIV. P. 26(a)(1)(ii). Under Rule 37, "[i]f a party fails to provide information or identify a witness required by Rule 26(a) or (e), the party is not allowed to use that information or witness . . . unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1). As a matter well within a trial court's case-management discretion, courts have considered a variety of factors to determine whether a late disclosure is substantially justified or harmless, such as: "'(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.'" *Mobile Shelter Sys. USA, Inc. v. Grate Pallet Sols., LLC*, 845 F. Supp. 2d 1241, 1250 (M.D. Fla. 2012), *aff'd in part*, 505 F. App'x 928 (11th Cir. 2013) (quoting *U.S. ex rel. Bane v. Breathe Easy Pulmonary Servs., Inc.*, No. 8:06-cv-40-T-33MAP, 2009 WL 92826, *3 (M.D. Fla. Jan. 14, 2009)).

Denson's late disclosure is neither substantially justified nor harmless. First, the late disclosure was a surprise to the defendants. Indeed, Denson first mentioned

the cell phone in November 2022. But he only stated that his cell phone "was destroyed." (Doc. 112-7 at 6). He did not accuse the defendants of destroying his cell phone and makes no mention of it in his complaint. Further, allowing the evidence would disrupt this action. Nearly all other discovery has been completed, and a forensic technician would have to inspect the broken cell phone. Ultimately, Denson wishes to mine his cell phone so that he can amend his complaint, but the summary-judgment deadline is tomorrow. And Denson provides an unconvincing explanation for failing to disclose the cell phone sooner (he claims he did not realize he still possessed the phone). Finally, as the complaint currently stands, the evidence is irrelevant. There are no phone-related allegations in the operative complaint for the evidence to support. In summary, Denson's disclosure was surprising and disruptive, and he provides a weak explanation for disclosing this evidence so late. Because Denson's disclosure was not substantially justified or harmless, he may not use the cell phone data "to supply evidence on a motion, at a hearing, or at a trial." FED. R. CIV. P. 37(c)(1).

But the Rules allow discovery of some inadmissible evidence—so the court's analysis must dig deeper than Denson's late disclosure. Rule 26 limits discovery to nonprivileged matters that are "*relevant to any party's claim* or defense and proportional to the needs of the case. . . ." FED. R. CIV. P. 26(b)(1) (emphasis added). Discovery must be relevant to the party's *pending* claim. In other words, a party has

"'no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings.'" *Liese v. Indian River Cnty. Hosp. Dist.*, 701 F.3d 334, 355 (11th Cir. 2012) (quoting FED. R. CIV. P. 26, 2000 Advisory Committee Notes).

In Denson's third-amended complaint, he does not mention making videos of the defendants on his cell phone or accuse the defendants of retaliating against him for those videos. In fact, Denson alleges that the defendants retaliated against him for other reasons—because of his participation in community gatherings and press conferences criticizing CCSO. (Doc. 72 ¶ ¶ 98-105). Denson's counsel seems to recognize this fact—stating "maybe the court will allow us to amend the complaint to reflect what the newly acquired evidence shows." (Doc. 111-1 at 9). But this approach puts the cart before the horse. Denson must first amend his complaint to add new claims if he wishes to conduct discovery to support those claims. And the court will not revisit the long-expired, February 2022 deadline to amend pleadings. (Doc. 50).

Finally—even if evidence relating to the proffered contents of the cell phone was discoverable—the discovery deadline has passed, and Denson fails to satisfy the applicable standards to amend the court's scheduling order. District courts are required to enter a scheduling order that limits the time for discovery. *See* FED. R. CIV. P. 16(b)(3). And, in federal court, "[d]eadlines are not meant to be aspirational." *Young v. City of Palm Bay, Fla.*, 358 F.3d 859, 864 (11th Cir. 2004). So when a

deadline appears in a scheduling order and a motion for more time is filed after the deadline, "Rule 16 is the proper guide for determining whether a party's delay may be excused." *Destra v. Demings*, 725 F. App'x 855, 859 (11th Cir. 2018). Under Rule 16(b)(4), "a schedule may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). A party demonstrates good cause only if, despite its diligence, the party cannot meet the deadline. *See* FED. R. CIV. P. 16, 1983 Advisory Committee Notes; *S. Grouts & Mortars, Inc. v. 3M Co.*, 575 F.3d 1235, 1241 (11th Cir. 2009) (citing *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998)). And a party must also show excusable neglect for not moving to extend a deadline before it expired. *See* FED. R. CIV. P. 6(b)(1).

The scheduling order set a March 2, 2023, discovery deadline—the date requested by Denson. The scheduling order expressly provides: "Motions to extend the above deadlines are **disfavored**." (Doc. 50) (emphasis in original). And the civil action order reminded counsel of their obligation to "secure the just, speedy, and inexpensive disposition of this action." (Doc. 6 at 3). On March 10, 2023, a week after the discovery deadline, Denson filed his motion to re-open discovery. Denson has not shown excusable neglect for his untimely motion and and cannot show good cause to modify the scheduling order.

As for excusable neglect, Denson fails to even cite the standard, let alone argue it. On this basis alone, the court could deny his motion. As for good cause,

Denson cites Rule 16 but makes little effort to apply it. Under the rules, a party satisfies good cause only if, despite its diligence, the party cannot meet the deadline. Denson argues only that he did not realize he still possessed the cell phone and could access its data until after the discovery deadline. He supplies no facts to demonstrate that he worked diligently to find the cell phone (during the six years since the incident), or that, once he found the phone, he worked diligently to explore accessing its data. He fails to make this showing because he can't. Denson claims he found the phone after he moved in January 2023. But emails show that on March 6, 2023, Denson's counsel asked him to search for the phone and he found it that same day. (Doc. 111-1). Denson could have found his phone and explored accessing its data years ago had he just looked. This is not diligence.

Thus, at this juncture, the disclosure of the cell phone is neither substantially justified nor harmless, the phone and its contents are not within the scope of discovery, and Denson has failed to show good cause to re-open discovery to allow its inspection. Accordingly, the motion to re-open discovery (Doc. 111) is **denied**.[1]

**ORDERED** on April 12, 2023.

*Nicholas P. Mizell*
NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE

---

[1] This order does not prevent Denson from deposing Don Steigler, as the parties have agreed. *See* FED. R. CIV. P. 29(b) (allowing parties to extend or limit discovery by stipulation).