# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### FORT MYERS DIVISION

ANTHONY DENSON, JR.,

                                                  CASE NO.: 2:21-cv-497-JES-NPM

        Plaintiff,

v.

MATTHEW KINNEY,

        Defendant.

_____/

## DEFENDANT KINNEY'S TRIAL BRIEF
## ON THE DEFENSE OF QUALIFIED IMMUNITY

Defendant Matthew Kinney, in his individual capacity, by and through his undersigned counsel, hereby files this his Trial Brief on the defense of Qualified Immunity, and would state as follows:

Qualified immunity affords broad protection to "all but the plainly incompetent or those who knowingly violate the law." See Malley v. Briggs, 475 U.S. 335, 341 (1986); Hutton v. Strickland, 919 F.2d 1531, 1537 (11th Cir. 1990); Tillman v. Coley, 886 F.2d 317 (11th Cir. 1989). The protection of qualified immunity applies regardless of whether the government official's error is "a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact." Groh v. Ramirez, 540 U.S. 551, 567, 124 S.Ct. 1284, 157 L.Ed.2d 1068

1

(2004)(Kennedy J., dissenting) (quoting Butz v. Economou, 438 U.S. 478, 507, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978), for the proposition qualified immunity covers "mere mistakes in judgment, whether the mistake is one of fact or one of law"). See Pearson v. Callahan, 555 U.S. 223, 231, 129 S. Ct. 808, 815, 172 L. Ed. 2d 565 (2009).   An objectively reasonable, but mistaken, belief in a fact or set of facts that would otherwise justify an officer's actions under the Constitution, if true, entitles that officer to qualified immunity.   See Willingham v. Loughnan, 321 F.3d 1299 (11th Cir. 2003); Garczynski v. Bradshaw, 573 F.3d 1158, 1167 (11th Cir. 2009).

Qualified immunity presents a question of law for the court regardless of which stage of the proceedings a determination must be made.  See Dartland v. Metropolitan Dade County, 866 F.2d 1321 (11th Cir. 1989).   The defense of qualified immunity survives through trial when it cannot be resolved pre-trial.  The issue of qualified immunity is a question of law to be decided by the court, but where there are disputes in the facts the court may use special fact jury interrogatories to resolve those disputes.  See Cottrell v. Caldwell, 85 F.3d 1480, 1487 (11th Cir. 1996); see also Johnson v. Breeden, 280 F.3d 1308, 1318 (11th Cir. 2002).  "If the jury finds facts that establish the qualified immunity defense, the defendant is entitled to judgment as a matter of law."  See Montero v. Nandlal, 682

2

Fed.Appx. 711 (11th Cir. March 9, 2017) and Simmons v. Bradshaw, 879 F.3d 1157 (11th Cir. 2018).

As the Court stated in Cottrell,

[b]ecause a public official who is put to trial is entitled to have the true facts underlying his qualified immunity defense decided, a timely request for jury interrogatories directed toward such factual issues should be granted. Denial of such a request would be error, because it would deprive the defendant who is forced to trial to have the factual issues underlying his defense decided by the jury.

Cottrell, 85 F.3d at 1487-88.

Submitting such special fact interrogatories to the jury is the most efficient and obvious way to resolve any factual disputes that arise under the evidence presented, and admitted during trial in a 4th Amendment excessive force case, (see Pearson, 555 U.S. at 231, 129 S. Ct. at 815), and is precisely what Cottrell, Johnson, and Simmons instruct the district courts to do in a case such as this.

The issue of qualified immunity in this case as to the reasonableness of the use of force[1], is whether an objectively reasonable officer possessing the same knowledge as Defendant Kinney could have believed that the use of force upon Anthony Denson, Jr. was reasonable under the circumstances known to him. See

---

[1]Furthermore, the reasonableness of a particular use of force must be judged from the perspective of a reasonable officer on the scene, not by hindsight. Rodriguez v. Farrell, 280 F.3d 1341 (11th Cir. 2002), cert. denied, 123 S.Ct. 1482 (2003); McCormick v. City of Fort Lauderdale, 333 F.3d 1234, 1244 (11th Cir. 2003).

<u>Quiles v. City of Tampa Police Dept.</u>, 596 Fed. Appx. 816, 820-21 (11th Cir. 2015).

The Defendant Kinney intends to submit detailed proposed questions of fact to the jury at the close of all of the evidence in this case, to resolve any disputed facts found by the trial court in its Order on the Defendants' motions for summary judgment.

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that a copy of the foregoing has been furnished by I have electronically filed a copy of the forgoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to: **VICTOR ADAM RUIZ, ESQUIRE, and DAVID M. FRAGUIO, ESQUIRE**, Victor A. Ruiz, P.A., 8660 W. Flagler Street, Suite 100, Miami, Florida 33144 [Email: victor@ruiz.legal, david@ruiz.legal, paralegal@ruiz.legal and Rori@ruiz.legal] this 13TH day of November, 2023.

> *<u>s/ Richard A. Giuffreda</u>*
> RICHARD A. GIUFFREDA, ESQUIRE
> Fla. Bar No. 705233
> PURDY, JOLLY, GIUFFREDA, BARRANCO & JISA, P.A.
> 2455 E. Sunrise Boulevard, Suite 1216
> Fort Lauderdale, Florida 33304
> Telephone: (954) 462-3200
> e-mail: Richard@purdylaw.com, Jennifer@purdylaw.com
>             Adriana@purdylaw.com, Cecilia@purdylaw.com
> *Attorney for Defendant Kinney.*