UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANTHONY DENSON, JR.,

       Plaintiff,

v.                    Case No:  2:21-cv-497-JES-NPM

MATTHEW KINNEY,

       Defendant.

_____

## OPINION AND ORDER

This matter comes before the Court on defendant Matthew Kinney's Motion In Limine and Memorandum of Law filed on November 13, 2023. (Doc. #157.) Plaintiff Anthony Denson, Jr. filed a Response in Opposition on November 28, 2023. (Doc. #162.) For the reasons set forth below, the motion is granted in part and denied in part.

## I.

A motion in limine is a "motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." Luce v. United States, 469 U.S. 38, 40 n.2 (1984). These motions "are generally disfavored." Acevedo v. NCL (Bah.) Ltd., 317 F. Supp. 3d 1188, 1192 (S.D. Fla. 2017). "Evidence is excluded upon a motion in limine only if the evidence is clearly inadmissible for any purpose." Id. "A motion in limine is not the proper vehicle to resolve substantive issues,

to test issues of law, or to address or narrow the issues to be tried." McHale v. Crown Equip. Corp., No. 8:19-cv-707-VMC-SPF, 2021 U.S. Dist. LEXIS 194217, at *3 (M.D. Fla. Oct. 1, 2021) (citing LSQ Funding Grp. v. EDS Field Servs., 879 F. Supp. 2d 1320, 1337 (M.D. Fla. 2012)). Nor may "[a] party . . . use a motion in limine to sterilize the other party's presentation of the case." Johnson v. Gen. Mills Inc., 2012 U.S. Dist. LEXIS 199926, 2012 WL 13015023, *1 (C.D. Cal. May 7, 2012). Additionally, as the Supreme Court has cautioned:

> The ruling is subject to change when the case unfolds, particularly if the actual testimony differs from what was contained in the defendant's proffer. Indeed even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling.

Luce, 469 U.S. at 41-42. A denial of a motion in limine is not a ruling which affirmatively admits any particular evidence. See Campbell v. Briere, No. 6:17-cv-1036-Orl-TBS, 2018 U.S. Dist. LEXIS 136159, at *4 (M.D. Fla. Aug. 13, 2018).

## II.

The operative pleading is Plaintiff's Third Amended Complaint (Doc. #72). The parties agree that after summary judgment the claims which remain for trial are against deputy Matthew Kinney in his individual capacity for: (1) assault under Florida law (Count VII); (2) battery under Florida law (Count VIII); and (3) excessive

force under 42 U.S.C. § 1983 (Count IX). (Doc. #151, p. 2.)

Deputy Kinney moves in limine to exclude certain evidence and argument he asserts are irrelevant to any issue in this case or inadmissible under Federal Rule of Evidence 403 because the probative value is substantially outweighed by unfair prejudice and it would confuse and potentially mislead the jury, or cause undue delay. (Doc. #157, pp. 7-8). Plaintiff for the most part opposes the motion. The court will address the parties' arguments in turn below.

### A. Violations of Internal Policies

Deputy Kinney anticipates Plaintiff will submit evidence, comments, or arguments to the jury that certain policies or procedures of the Collier County Sheriff's Office ("CCSO") were not followed by Deputy Kinney during or following his contact with Plaintiff. Deputy Kinney argues that even an actual violation of an internal policy does not equate to a constitutional violation, so that any evidence, comments, or arguments regarding a violation of internal policies would violate Federal Rules of Evidence, Rule 403. (Doc. #157, p. 8.)

Deputy Kinney has not identified <u>which</u> policies he wishes to exclude. It is certainly true that many of the policies of the CCSO would not be relevant, but some – such as a policy on the use of force – have clear relevance and would not violate Rule 403. <u>Edwards v. Gilbert</u>, 867 F.2d 1271, 1276-77 (11th Cir. 1989); <u>Davis</u>

v. Scherer, 468 U.S. 183, 193-95 (1984); Townsend v. Benya, 287 F. Supp. 2d 868, 876 (N.D. Ill. 2003) (finding a defendant's knowledge of violating a policy was relevant to a Section 1983 claim and therefore was not precluded at trial). Since the Court has not been provided with an identification of which policies or procedures are specifically at issue, this portion of the motion is **denied**, and defendant may make objections at trial to individual items of evidence.

**B. Prior and Subsequent Alleged Bad Acts of Deputy Kinney or Other CCSO Deputies**

Deputy Kinney asserts that any evidence related to prior or subsequent misconduct regarding himself or other CCSO deputies should be excluded because it is prior bad act evidence, is not relevant to whether he used excessive force, and as such, is highly prejudicial. (Doc. #157, pp. 8-11.) Plaintiff, on the other hand, argues that such evidence establishes "a pattern of conduct by the defendants" and shows intent and motive for this type of conduct, and therefore is admissible under Rule 404(b). (Doc. #162, pp. 4-5.)

Establishing that Deputy Kinney or other CCSO deputies have a pattern or practice of using excessive force is exactly the type of propensity evidence that Rule 404(b)(1) prohibits. See Luka v. City of Orlando, 382 F. App'x 840, 842-43 (11th Cir. 2010) (affirming district court's decision to exclude prior complaints

of excessive force against the officer-defendant, stating that the plaintiff was attempting to use such evidence to prove that the officer "characteristically engaged in the use of excessive force and acted in conformity with that characteristic."); Foltz v. City of Largo, 2011 U.S. Dist. LEXIS 100602, 2011 WL 3919737, at *2 (M.D. Fla. 2011) (granting motion in limine to exclude evidence relating to prior complaints or discipline against police officer in § 1983 action for excessive force). Additionally, none of the prior or subsequent acts identified relate to the use of an excessive amount of force, and are not acts which would otherwise be admissible. Accordingly, this portion of Deputy Kinney's motion is **granted.**

### C. Testimony as to The January 3, 2017 Incident

Deputy Kinney seeks to exclude any evidence regarding a traffic stop that occurred on January 3, 2017, involving Plaintiff and his wife after Plaintiff illegally purchased marijuana from a drug house (while under surveillance). Plaintiff testified in a deposition that Deputy Kinney was at the January 2017 traffic stop, which Kinney denies. The State of Florida prosecuted Plaintiff for possession of marijuana and Plaintiff was required to attend a July 6, 2017, pretrial conference regarding that matter. Plaintiff asserts that Deputy Kinney arrested him on July 5, 2017 so that Plaintiff would not be able to attend the conference. Deputy Kinney asserts, however, that Plaintiff has presented no

evidence in support of this allegation, that it has nothing to do with the remaining claims in this case, and that it should be excluded because it is highly prejudicial and irrelevant to the outstanding claims. (Doc. #157, pp. 11-12.)

Assuming there is some evidence showing that Deputy Kinney was present at the January 2017 traffic stop, and that Kinney had some knowledge that Plaintiff had to attend a pretrial conference on July 6, 2017, nothing which allegedly occurred during this event is relevant to the claims being presented at trial. Any such evidence is irrelevant to Plaintiff's excessive force, battery, and assault claims and its admission would violate Rule 403. This portion of Deputy Kinney's motion is **granted.**

### D. Testimony About Plaintiff Observing CCSO Harassing Drivers and Pulling Over Haitians on July 5, 2017

Deputy Kinney also moves to exclude any testimony that Plaintiff observed CCSO deputies stopping "Haitians" and harassing drivers on July 5, 2017, that the CCSO deputies saw Plaintiff witnessing these events, and this led to Plaintiff being stopped by Deputy Kinney later that day. (Doc. #157, pp. 12-13.) Deputy Kinney asserts that besides Plaintiff having no evidence to support his claim, any such testimony would be prejudicial and irrelevant. (Id., p. 13.) Plaintiff responds that any evidence regarding this matter is relevant because it shows Deputy Kinney's motive for using excessive force against him. (Doc. #162, p. 7.)

Plaintiff's argument is misplaced because in the context of an excessive force claim the inquiry turns on whether Deputy Kinney's actions are objectively reasonable "without regard to his underlying intent or motivation." Crosby v. Monroe Cnty., 394 F.3d 1328, 1333 (11th Cir. 2004). See also Kesinger ex rel. Estate of Kesinger v. Herrington, 381 F.3d 1243, 1248 (11th Cir. 2004) (determination of whether officer's actions violated Fourth Amendment right to freedom from excessive force is made "without regard to his underlying intent or motivation"). Additionally, whatever small probative value may exist is greatly outweighed by prejudice and the risk of jury confusion under Rule 403. Accordingly, this portion of Deputy Kinney's motion is **granted.**

### E. Testimony About Plaintiff's "Run-In" With Former CCSO Deputy Calkins and Plaintiff's Participation in a Press Conference

Deputy Kinney seeks to exclude testimonial evidence about two alleged incidents: (1) an incident that occurred in approximately 1997, when Plaintiff was fourteen years old, and during which former CCSO Deputy Calkins and other deputies allegedly raped Plaintiff's girlfriend (who had been making out with Plaintiff on the beach) and chased Plaintiff down the beach; and (2) Plaintiff's participation in a 2013 press conference regarding Deputy Calkins[1] and Plaintiff's assurance by Sheriff Rambosk that Plaintiff would

---

[1] According to Deputy Kinney, Deputy Calkins was terminated from the CCSO in 2004. (Doc. #157, p. 13.)

not be harassed for speaking out about his experience with Deputy Calkins. (Doc. #157, pp. 13-14.) Deputy Kinney asserts that there is no evidence to support Plaintiff's allegations, and the admission of any such testimony would be irrelevant and prejudicial to the present claims. (Id.) Plaintiff's only response is that the testimony about the events described above should be allowed because it may reveal Deputy Kinney's motive, knowledge, and intent for using excessive force against him. (Doc. #162, pp. 7-8).

Neither of these incidents are in any way relevant to the remaining claims in this case. The first is 20 years old and did not involve Deputy Kinney. The second is four years before the incident and also did not involve Deputy Kinney. Neither subject matter is relevant to the remaining claims in this case. Plaintiff does not convince the Court that there is any chance this evidence will reveal Deputy Kinney's motive, knowledge, or intent for using excessive force, even if such were required. Lee v. Ferraro, 284 F.3d 1188, 1198 n.7 (11th Cir. 2002)("the excessive force inquiry should be completely objective, therefore excluding consideration of the officer's intentions."). Additionally, such testimony would clearly violate Rule 403. This portion of Deputy Kinney's motion is **granted.**

### F. Testimony About Fabricating The Basis For Plaintiff's Traffic Stop on July 5, 2017 and The Lawfulness of Plaintiff's Arrest

Deputy Kinney asserts that the exclusion of any testimony or

argument that he fabricated the basis for Plaintiff's July 5, 2017 traffic stop or that the subsequent arrest was unlawful should be excluded based upon the Court's prior findings that the traffic stop due to a seatbelt violation was proper and lawful, as was his arrest. (Doc. #157, pp. 14-15.) Plaintiff responds that he does not plan on introducing evidence regarding the traffic stop or arrest because it has no bearing on the remaining claims for excessive force, battery, and assault. (Doc. #162, p. 8.) Accordingly, the Court **denies** these portions of Deputy Kinney's motion as **moot.**

### G. Argument Regarding Deputy Kinney's Actions Against Plaintiff Being Racially Motivated

Deputy Kinney asserts that any argument by Plaintiff——that his actions against Plaintiff were racially motivated——should be excluded on the basis of relevancy, lack of evidence of the same, and that it would be unduly prejudicial. (Doc. #157, pp. 15-16.) Plaintiff argues that this exclusion is overbroad, and that proving Deputy Kinney's actions were racially motivated could explain why he used excessive force and impact Kinney's credibility. (Doc. #162, pp. 8-9.)

The Court agrees with Plaintiff that it would be improper to invoke an across-the-board prohibition of any discussion of race. While motivation or intent is not required to a determination of excessive force under the Fourth Amendment, see Crosby, 394 F.3d

at 1333; <u>Lee</u>, 284 F.3d at 1198 n.7, it will not be excluded if properly supported. Deputy Kinney's motion as to this portion is therefore **denied** as overbroad.

### H. Testimony About Deputy Kinney or Other CCSO Deputies Destroying Plaintiff's Cell Phone

Lastly, Deputy Kinney seeks to exclude any testimony that he or other CCSO deputies destroyed Plaintiff's phone during the July 5, 2017 traffic stop and arrest. (Doc. #157, p. 16.) Deputy Kinney emphasizes that the Court already denied Plaintiff's request to re-open discovery regarding this matter since any evidence was irrelevant due to there being no phone-related allegations in the operative complaint. (Doc. #113.) Deputy Kinney thus argues that the Court should not allow testimony regarding the same as it is prejudicial and irrelevant to Plaintiff's claims. (Doc. #157, p. 17.)

Plaintiff maintains that he does not plan on introducing any such evidence in contravention of the Court's previous Order, that is, he will not attempt to admit the actual cell phone or its contents as evidence. (Doc. #162, p. 9.) Plaintiff nevertheless argues that he should be able to testify about the traffic stops he recorded on his phone because it is relevant to Deputy Kinney's motive and intent for using excessive force. (<u>Id.</u>) For the reasons previously discussed, the intent and motivation for excessive force is not germane to the jury's inquiry in a Fourth Amendment

context. Accordingly, Deputy Kinney's motion is **granted** as to this exclusion.

Accordingly, it is hereby

**ORDERED**:

Defendant Matthew Kinney's Motion In Limine (Doc. #157) is **GRANTED in part** and **DENIED in part** as set forth above.

**DONE and ORDERED** at Fort Myers, Florida, this ___4th___ day of February, 2024.


JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE



Copies:
Counsel of record